JOURNAL ENTRY AND OPINION
This is the latest in a series of appeals filed from trial court judgments in this case. This time we are confronted with an issue involving contract interpretation.
Penny Coseriu appeals from the March 25, 1998, judgment of the Domestic Relations Court entered pursuant to a remand from our court in Cuyahoga App. Nos. 70972 and 71041, where we instructed the trial court to enter judgment in accordance with the precise terms of the June 10, 1996 in-court handwritten agreement which had been negotiated between experienced domestic relations counsel, reduced to writing, and signed by the parties.
The dispute here arises from the language contained in paragraph six of that agreement which competent domestic relations lawyers presented to their respective clients; at that time, they thought this agreement resolved the case. However, despite their purported agreement, we entertained appeals in Case Nos. 70472 and 71041 and ordered the trial court to enter judgment in accordance with the prior terms of that agreement. On this appeal, Penny Coseriu claims the trial court erred by failing to enter judgment in accordance with the terms of the agreement and alternatively argues the parties never had a meeting of the minds on the issue. The following is the contested language of paragraph six:
 6. [Defendant] shall pay [Plaintiff] $3,500.00 in combined spousal child support for 6 years, which amount shall not be modifiable except upon w's death or [Defendant]'s bankruptcy, all through CSEA [Defendant] to pay 2% fee to CSEA.
After a careful review of the court file and the applicable law, we have concluded that the parties did reach a meeting of the minds on this issue and resolved their case at that time; therefore, we find this appeal well taken and, again, remand this case to the court with instructions to enter the order we incorporate in this opinion.
Several indicators contained in the language of paragraph six compel our decision. Initially, we note that counsel for the parties chose to negotiate a single combined amount for spousal and child support rather than separate figures for each. We know this because they used an amount of $3,500, "in combined spousal and child support." Next, we observe the parties referred to this as a single amount and stated: "which amount shall not be modifiable," using the mandatory word "shall" as opposed to the more lenient discretionary word, "may." They also specified only two conditions for modification, "upon plaintiff's death or defendant's bankruptcy."
The controversy presented to us on appeal does not arise from the language in paragraph six, but rather from a marginal notation initiated by both counsel which served to further explain and clarify the contents of paragraph six. That marginal notation reads in its entirety:
2000. A
1500. S
Exemptions to H
Upon recent remand from our court with instructions to the trial court to enter judgment in accordance with the precise terms of the agreement, the careful and diligent trial court determined that the marginal notation better explained the agreement and entered the following in its judgment entry:
 * * * Defendant shall pay to the Plaintiff * * *, the sum of $2,000 per month (plus 2% fee) as and for spousal support for a period of 72 months commencing July 1, 1996, subject only to Plaintiff's death. This support obligation is not modifiable, except that in the event that Defendant becomes, voluntarily or involuntarily, a debtor in one or more bankruptcy proceedings, this Court specifically reserves jurisdiction to modify his spousal support obligation.
 * * * Defendant shall pay to the Plaintiff * * * the sum of $500.00 per child per month as and for child support for each of the children for which Plaintiff is the residential parent and legal custodian. Such support shall be paid until each child for whom Plaintiff is the residential parent and legal custodian reaches the age of 18 or graduates from high school, whichever later occurs, or is otherwise emancipated.
The trial court interpretation, however, significantly modifies the terms of paragraph six making the combined $3,500 spousal and child support amount modifiable upon conditions other than those provided for in the agreement negotiated in the trial court. We believe the parties chose to utilize a single combined amount, described it as a "combined" amount for a specific period of years, and delineated the events which would render it modifiable. By so doing, they reached a meeting of the minds and bound themselves to the terms they wrote.
Our decision today does not alter well established law which provides that child support is always subject to modification. Here, counsel for the parties, recognizing this principle, used a "combined" amount of spousal and child support with Penny setting a floor below which she could not fall for six years, and George establishing a ceiling above which he could not be compelled to pay. Thereby, any purported decrease in child support would result in a compensating increase in spousal support and viceversa.
Accordingly, we have concluded the first assignment of error is well taken, and the second assignment of error is moot.
In accordance with our decision, we hereby remand this case to the trial court with instructions to modify its judgment entry by deleting paragraphs 16 and 17 therefrom and substituting the following:
 George Coseriu shall pay to Penny Coseriu $3,500 per month in combined spousal and child support for six years, which amount shall not be modifiable except upon Penny Coseriu's death or George Coseriu's bankruptcy.
 George Coseriu shall be able to claim the children as exemptions on his tax returns, and the $3,500 may be considered as $2,000 of alimony and $1,500 of child support.
Judgment reversed. Case remanded with instructions. Costs to appellee.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., CONCURS:
ANN DYKE, P.J., CONCURS IN
JUDGMENT ONLY ________________________ JUDGE TERRENCE O'DONNELL